**Daniel J. MORGAN, Petitioner–Appellant,**

v.

**State of WASHINGTON, Respondent–Appellee.**

No. 06–35645.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel J. Morgan, Steilacoom, WA, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Daniel J. Morgan appeals pro se the district court's dismissal of his notice of removal, filed pursuant to 28 U.S.C. § 1442, in which he sought to remove his state criminal proceedings to federal court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Morgan, a federal immigration inspector, was convicted of vehicular homicide in 2003. *See Washington v. Morgan,* 123 Wash.App. 810, 99 P.3d 411 (2004). Morgan filed his notice of removal in the district court on June 5, 2006.

In his notice of removal, Morgan alleged the prosecution was biased against him because, in his capacity as a federal immigration inspector, he had had numerous run-ins with the lead detective's brother. Morgan also alleged the trial judge was biased against defendants charged with alcohol-related crimes.

Removal in a criminal case must normally be brought "not later than 30 days after the arraignment in State court" unless the party seeking removal shows good cause. *See* 28 U.S.C. § 1446(c)(1). Because Morgan's notice of removal was untimely, the district court dismissed it.

Morgan does not dispute that his notice of removal was not filed within 30 days of his arraignment. Rather, Morgan contends, under *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247 (9th Cir. 2006), that the 30–day clock does not commence until he discovered sufficient facts to disclose the federal court's jurisdiction,

or that good cause otherwise excuses his late notice of removal.

The district court did not err in finding Morgan lacked good cause to excuse his tardy notice of removal because at no time in the district court did he declare exactly when he discovered the alleged bias of the detective or trial judge.

Even assuming good cause did exist to excuse Morgan's late notice of removal, he has still failed to demonstrate a basis for removal to federal court. Removal is only allowed for "any officer ... of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office...." 28 U.S.C. § 1442(a)(1). Morgan, however, was not working on the day of the accident. *See Morgan,* 99 P.3d at 413. Thus, because Morgan was not charged for an act committed as a federal officer, even a delayed discovery of alleged bias would not have entitled him to remove his criminal case to federal court. *But cf. Mesa v. California,* 489 U.S. 121, 140, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) (Brennan, J., concurring) (noting the possibility that local hostility to federal authority may create a federal subject matter jurisdiction).

Accordingly, the district court did not err in dismissing his notice of removal.

**AFFIRMED.**